UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL A. VACHON,

    Plaintiff,

v.                                                  Case No. 8:20-cv-1201-T-60SPF

TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER GRANTING "PLAINTIFF'S MOTION TO REMAND
AND MEMORANDUM OF LAW IN SUPPORT"**

This matter is before the Court on "Plaintiff's Motion to Remand and Memorandum of Law in Support," filed on June 12, 2020. (Doc. 10). Defendant responded in opposition on June 25, 2020. (Doc. 13). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff filed an uninsured/underinsured motorist ("UM") claim against Defendant on March 4, 2013. (Doc. 10). On January 31, 2020, a jury returned a verdict in favor of Plaintiff, and against Defendant, in the amount of $1,022,780.00. (Doc. 10-1). Following the verdict, Plaintiff requested leave to file an amended complaint to include a bad faith claim. (Doc. 1-4). On April 27, 2020, the Court granted Plaintiff's motion, and Plaintiff filed his amended complaint. (Docs. 1-1; 1-5). On May 26, 2020, Defendant removed the case to this Court. (Doc. 1).

## Legal Standard

Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant must establish federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal must be resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[1]

## Analysis

Plaintiff argues that remand is required because the removal is not timely under 28 U.S.C. § 1446. Under the removal statute, "[a] case may not be removed … on the basis of [diversity jurisdiction under § 1332] more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1).

"Whether a bad faith claim filed within the underlying UM action may be independently removed is a matter of dispute within the Middle District of Florida." *Fla. Health Sci. Ctr., Inc. v. Gov't Emp. Ins. Co.*, No. 8:17-cv-339-T-36AAS, 2017 WL 3720880, at *4 (M.D. Fla. Aug. 7, 2017). Some cases in this District have held that the time for removal restarts upon the filing of a pleading that includes a bad faith claim. *See, e.g.*, *Thorne v. State Farm Mut. Auto. Ins. Co.*, No. 8:14-cv-827-T-17AEP, 2015 WL 809530, at *4-6 (M.D. Fla. Feb. 25, 2015); *Love v. Prop. & Cas. Ins. Co. of Hartford*, No. 8:10-cv-649-T-27EAJ, 2010 WL 2836172, at *3 (M.D. Fla. July 16, 2010). Others have held that the time for removal is always calculated from the

---

[1] Fifth Circuit cases decided before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

filing of the original complaint.[2]  *See, e.g.*, *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1298-99 (M.D. Fla. 2018); *Fla. Health*, 2017 WL 3720880, at *4-6.

Upon review, this Court finds the second line of cases to be more persuasive and adopts their reasoning and analysis.  *See Hawkinson*, 325 F. Supp. 3d at 1298-99; *Fla. Health*, 2017 WL 3720880, at *4-6.  A case commences upon the filing of the original complaint and must be removed within one-year "after commencement of the action."  28 U.S.C. § 1446(c).  Further, as previously stated, the Court must (1) narrowly construe the text of the statute, and (2) resolve ambiguities in favor of remand.  Consequently, the Court finds that the removal clock in this case is calculated from the date of the filing of the original complaint.  Though this conclusion creates a "procedural conundrum for insurers … this Court can only apply § 1446 as drafted."  *Hawkinson*, 325 F. Supp. 3d at 1298-99.  Accordingly, the case is due to be remanded.

---

[2] The Southern Districts of Florida appears to have uniformly adopted this approach.  *See, e.g.*, *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1347-48 (S.D. Fla. 2012).

It is therefore

**ORDERED, ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion to Remand and Memorandum of Law in Support" (Doc. 10) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. Once remand is effect, the Clerk is directed to terminate any pending motions and deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of June, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**